Matter of O'Driscoll (2020 NY Slip Op 00141)





Matter of O'Driscoll


2020 NY Slip Op 00141


Decided on January 8, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOHN M. LEVENTHAL, JJ.


2019-04170

[*1]In the Matter of David J. O'Driscoll, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; David J. O'Driscoll, respondent. (Attorney Registration No. 2485910)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 28, 1982.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 on April 17, 2019, by personally serving upon the respondent, and filing with the Court, a notice of petition dated April 5, 2019, and a verified petition dated April 1, 2019. The verified petition contains three charges of professional misconduct based upon the respondent's failure to file registration statements with the Office of Court Administration for four biennial registration periods, and his failure to cooperate with the Grievance Committee in connection with an investigation concerning the same.
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. The motion papers were served on the respondent, by mail, on May 16, 2019, and proof of service was filed with this Court. The respondent has neither opposed the Grievance Committee's motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is suspended from the practice of law for an indefinite period, until further order of the Court (see Matter of Segrell, 143 AD3d 121; Matter of Owen, 109 AD3d 241; Matter of Malone, 98 AD3d 263).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, David J. O'Driscoll, is suspended from the practice of law for an indefinite period, until [*2]further order of the Court; and it is further,
ORDERED that the respondent, David J. O'Driscoll, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, David J. O'Driscoll, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, David J. O'Driscoll, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court